IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 4-11-14
TIME: 9:35 a.m.
INITIALS: [illegible]

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Cr. No. 14-20006
)
NAKITA BROOKS )
Defendant. )

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, NAKITA BROOKS, by and through her counsel, and the United States, through the United States Attorney for the Western District of Tennessee, and the undersigned Assistant U.S. Attorney, have reached the following agreement.

1. The Defendant agrees:

    (A) to plead guilty to Count One of the indictment;

    (B) to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, her rights to appeal any and all issues related to the case, including, but not limited to, a motion brought pursuant to 28 U.S.C. §2255 and consents to the final disposition of the matter by the district court;

    (C) that she is pleading guilty, knowingly and voluntarily, because she is in fact guilty of the violations alleged in the indictment;

    (D) that any statement made in the course of the plea colloquy may be used against the Defendant in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Fed. R. Evid. 410;

    (E) the special assessment of $100 per count is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

2. The parties jointly agree:

    (A) that Counts Two and Three will be dismissed at the time of sentencing;

    (B) that, for purposes of restitution, the Court may consider losses derived from the counts of conviction and losses caused from dismissed counts and uncharged conduct of the defendant;

      (C)      that the total amount of loss is more than $1,000,000 but less than $2,500,000.

3.      The United States agrees, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, to recommend that the Defendant receive three points for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided she continues to exhibit acceptance of responsibility. The Defendant understands that if in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying her involvement in this offense, between now and the time of sentencing, this position could change.

4.      Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The Defendant understands that any discussions with her attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

5.      If the United States, solely within its discretion, judges that the Defendant has violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, or if the Defendant attempts to withdraw the plea, or if he engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of her criminal involvement, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

6.      It is contemplated that the Government may recommend to the Court a departure in the defendant's sentence pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). This would be solely within the discretion of the Government and is not part of the plea agreement. The defendant acknowledges that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness and completeness of the defendant's assistance, is solely within the judgment and discretion of the Government and shall be binding on the defendant. Additionally, the defendant understands that the United States retains complete discretion in determining whether a departure motion will be filed. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, including the defendant's provision of complete and truthful information which assists in the investigation or prosecution of other individuals and complete and truthful testimony at subsequent proceedings when needed.

7.      This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the Defendant or to the Defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties.

_____   4/11/14
NAKITA BROOKS                    Date
Defendant

_____   4-11-14
A̶R̶T̶H̶U̶R̶ ̶H̶O̶R̶N̶E̶ Coleman W Garrett   Date
Attorney for Defendant


EDWARD L. STANTON, III
UNITED STATES ATTORNEY

By: _____   4-10-14
David Pritchard                  Date
Assistant U.S. Attorney

3