# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

v.                                       **Action No.** 2:14-CR-20006-002

**NAKITA BROOKS,**

    **Defendant.**

## MOTION TO ACCEPT PLEA AGREEMENT AND SENTENCE

Comes Now defendant, Nakita J. Brooks, by and through counsel of record, Coleman W. Garrett, and moves this Honorable Court to accept the Plea Agreement executed by the parties in this cause and approve the sentence previously ordered by the Court. In support of this motion defendant, Nakita J. Brooks (hereinafter defendant) would state as follows:

1. On January 9, 2014, defendant was indicted for, *inter alia*; Conspiracy to Defraud the Government, by filing fraudulent tax returns that contained stolen identities during a period from around February, 2010 until November, 2011.

2. On April 11, 2014, defendant and the United States entered into a Memorandum of Plea Agreement wherein defendant plead guilty to Conspiracy to Defraud the Government as alleged in Count One of the indictment and further agreed that the total amount of the loss was more than $1,000,000.00, but less than $2,500.000.00.

3. On June 11, 2014, the United States Probation Office prepared a Presentence Investigation Report that made the following observations regarding sentencing options:

PART D. SENTENCING OPTIONS

Custody

84.     Statutory Provisions: The maximum term of imprisonment is 10 years. 18 U.S.C. § 286.

85.     Guideline Provisions: Based upon a total offense level of 32 and a criminal history category of III, the guideline imprisonment range is 151 months to 188 months. However, the statutorily authorized maximum sentence of 10 years is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 120 months. USSG § 5G1.1(a).

86.     The defendant has an undischarged term of imprisonment in Docket No. 2:10CR20342 but did not commit the instant offense while serving a term of imprisonment. Pursuant to USSG § 5G1.3(b), since a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction and that offense was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Impact of Plea Agreement

88.     The defendant has an undischarged term of imprisonment in Docket No. 2:10CR20342. Pursuant to USSG § 5G1.3(c), the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

89.     Pursuant to the plea agreement, the parties jointly agree that counts two and three of the indictment will be dismissed at the time of

sentencing. If the defendant had pled guilty to all counts of the indictment, the term of imprisonment for count three would have been two years to run consecutive to any other term of imprisonment, pursuant to 18 U.S.C. § 1028A.

90. Pursuant to §6B1.2(a), in the case of a plea agreement that includes the dismissal of any charges or an agreement not to pursue potential charges (Rule 11(c)(1)(A)), the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines. However, a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the court(s) of which the defendant is convicted.

The defendant shall participate in cognitive behavioral therapy as directed by the probation officer.

4. On July 11, 2014, during the sentencing hearing in this cause, defense counsel argued that since defendant had an undischarged term of imprisonment in a prior case and defendant did not commit the instant offense after sentencing in the prior case, the prior offense constituted "relevant conduct" and therefore, according to USSG § 5G1.3(b), the sentence in the instant case must run concurrently with the sentence in the prior case. After a lengthy discussion of the facts, the 18 USC § 3553 factors, the applicable sentencing guidelines, and the Presentence Investigation Report, the Court sentenced defendant to 120 months in the custody of the Bureau of Prisons with 3 years supervision after release.

5. After the sentencing hearing, the Court ordered the parties to appear for a status conference on July 25, 2014 because it was realized that the Plea Agreement had not been accepted by the Court at the sentencing hearing and the record needed to be corrected. The case was continued to Thursday, August 14, 2014 at 10:00 a.m., to give all parties an opportunity to make

suggestions as to how to proceed.

      6. Since the status conference, counsel for the defendant has discussed this matter at length with both defendant and Assistant United States Attorney and based on these discussions hereby moves this honorable Court to correct the record in this cause by, accepting defendant's withdrawal of any reservations concerning the Plea Agreement; move the Court to accept the Plea Agreement in its entirety; and confirm the sentence as previously ordered by the Court in this cause. The United States does not oppose this motion.

      Respectfully submitted,

      /s/ Coleman W. Garrett
      Coleman W. Garrett (#010325)
      Attorney for Defendant
      212 Adams Avenue
      Memphis, TN 38103
      (901) 529-0022

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing **Motion To Accept Plea Agreement and Sentencing Ordered by the Court**, was served on the Assistant United States Attorney, on this the 11th day of August, 2014, by electronic mail.

                                              /s/ Coleman W. Garrett
                                              Coleman W. Garrett